# EXHIBIT C

8/13/2019 3:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35932036
By: Adiliani Solis
Filed: 8/13/2019 3:52 PM

**2019-55863 / Court: 334**

CAUSE NO. _____

| | | |
|---|---|---|
| BALDWIN, CHRISTOPHER | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | IN AND FOR |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; | § § | |
| | § | _____ JUDICIAL DISTRICT |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION; | § § § | |
| GREAT AMERICAN INSURANCE COMPANY | § § § | |
| DEFENDANTS | § § § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, BALDWIN, CHRISTOPHER, as Plaintiff in the above-styled and numbered cause of action, and complains of MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; and, ROUNDPOINT MORTGAGE SERVICING CORPORATION; and, GREAT AMERICAN INSURANCE COMPANY; as Defendants, and for good grounds he would respectfully show the Court as follows:

### PARTIES

1. The Plaintiff is CHRISTOPHER BALDWIN, who resides at 3408 Winter Haven Drive, Baytown, Harris County, Texas 77521.

2. Defendants are:

   Mortgage Electronic Registration System, Inc.

Page 1

1

c/o Sharon Horstkamp or any authorized Agent
1818 Library Road #300
Reston, Virginia 20190

Roundpoint Mortgage Servicing Corporation
c/o Steven Forsythe Vice-President and General Counsel
5016 Parkway Plaza Blvd, Buildings 6 & 8
Charlotte NC 28217

Great American Insurance Company
Property & Casualty Group
c/o CT Corporate System, registered agent
1999 Bryan Street #900
Dallas, Texas 75201-3136

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas. There is no other county in the State of Texas to which a mandatory change of venue would lie.

## FACTS

4. The plaintiff purchased a home in the City of Baytown in 2015. The home is legally described as:

Lot two hundred fifty-six (256) of Whispering Pines, Section Four (4) a subdivision of Harris County, Texas, according to that map or plat thereof recorded in Volume 275, Page 145, of the Map Records of Harris County, Texas, and more commonly known as the house and lot at 3804 Winter Haven Drive, Baytown, Texas 77521, HCAD Account # 1138870000256,

5. The house was severely damaged by Hurricane Harvey on or about August 17, 2017,

6. Defendant Great American Insurance Company carried the fire

Page 2

2

and casualty insurance on the property under Policy #1133896. A claim was duly and timely filed under Claim #836-619691.

7. The claim was adjusted by ASI professional claim adjusters. The total monetary amount estimated to repair the damages to Plaintiff's home was approximately $135,000.00.

8. The insurance company claims to have paid Defendant Roundpoint Mortgage Servicing Company that sum as the proceeds of the insurance policy. It is known to plaintiff through the construction contractor that at least $82,000.00 has been paid. The whereabouts of the remaining money is unknown to Plaintiff.

9. Defendant Roundpoint Mortgage Servicing Company services the Plaintiff's mortgage on behalf of the beneficiary of the Promissory Note executed by the Plaintiff at the time of the purchase of the home. The beneficiary of the promissory Note executed by the Plaintiff is Defendant Mortgage Electronic Registration System, Inc.

10. Some work was done on the Plaintiff's house to effect repairs. However, there is no flooring, no plumbing fixtures in the bathroom or kitchen, no countertops or vanities, and no appliances in the house. The Plaintiff has been living in a recreational vehicle parked in his driveway since Hurricane Harvey.

11. The remaining approximately $53,000.00 is required to finish the rebuild of Plaintiff's house.

12. The insurance company claims that it has paid the mortgage service company; the mortgage service company says

3

that the insurance company will not pay it until an inspection states that 100% of repairs have been performed. The contractor will not begin work until money is paid on deposit from which to bill the remaining repairs.

13. The Plaintiff is a third-party beneficiary of the agreement between Roundpoint Mortgage Servicing Company and Great American Insurance Company. That contract was taken to protect Plaintiff's home, which serves as collateral for the mortgage loan on which the Plaintiff is the personal obligor. This gives the Plaintiff standing to bring this suit for specific performance and for damages.

## CAUSE OF ACTION: BREACH OF CONTRACT

14. The plaintiff and the defendant had a firm agreement. The plaintiff fulfilled his portion of that agreement by providing the defendant with premium payments and affording the defendant the opportunity to inspect the property. The defendant has refused to acknowledge the validity of the plaintiff's claim and pay the plaintiff for the repairs to the house. The plaintiff has been harmed by the actions of the defendant; and, he hereby sues for the recovery of his damages.

15. The plaintiff stands ready, able and willing to do his part in completing the repairs to his home. He is entitled to specific performance of the contractual agreement and he prays for the relief of specific performance; namely, an order to the appropriate parties defendant to release all funds on deposit paid by the

insurance company for the benefit of the plaintiff to the plaintiff so that final repairs might be made to place the house in a habitable condition.

## CAUSE OF ACTION: PROMISSORY ESTOPPEL/ DETRIMENTAL RELIANCE

16. The Plaintiff was made promises to induce him into taking action based upon those representations. The Plaintiff was offered an opportunity for profit if he would shift his economic position to his detriment. The statements made to the Plaintiff was credible. The Plaintiff had a right to rely on the accuracy of such statements. The Plaintiff did in fact rely upon such statements. The Defendant then failed to produce its part of the bargain. All of these things have been lost to the Plaintiff because of his detrimental reliance upon the representations of the Defendant. The Plaintiff asserts that the Defendant is now promissorily estopped from denying its promises to the Plaintiff. The Plaintiff has been injured as a result of his reliance upon the promises of the Defendant, and he hereby sues for the damages, general and special, which have been so directly and proximately caused.

## CAUSE OF ACTION: COMMON LAW FRAUD

17. The contract of insurance between the plaintiff and the defendant Mortgage Electronic Registration System, Inc., provides that the Plaintiff will make a monthly payment to said defendant; and, that the defendant will receive that payment and use a portion of it to pay for fire and casualty insurance coverage

5

on the home. The defendant has failed to do the things that it is contractually bound to do. The defendant has failed to use the proceeds of the insurance policy to complete the restoration of plaintiff's home.

18. In Texas, a common law fraud consists of making a statement which is false, or made with reckless disregard for the truthfulness of the statement, for the purpose of inducing the plaintiff into taking some action, or foregoing taking some action; which the plaintiff had a right to rely upon the truthfulness of the statement; and the plaintiff did take such action or forego taking such action; and the plaintiff came to harm thereby.

19. The plaintiff relied upon the truthfulness of defendant Mortgage Electronic Registration System, Inc.'s statement that it would properly administer and service the mortgage. One of the actions necessary to properly administer and service the mortgage is to procure fire and casualty insurance on the home; assist in submitting claims and proofs of loss; receive funds paid by the insurance company; and apply those funds to cure the loss.

20. Defendant Mortgage Electronic Registration Systems, Inc.; and, the mortgage service company it hired to administer the mortgage, Defendant Roundpoint Mortgage Servicing Corporation, have failed to perform as promised. The insurance company, Defendant Great American Insurance Company, says that it has adjusted the claim and paid the funds. However, those funds have not been used for the purpose intended, the reconstruction of Plaintiff's house.

21. Defendants Mortgage Electronic Registration Systems, Inc.; and, Defendant Roundpoint Mortgage Servicing Corporation, have committed fraud on the Plaintiff and he hereby ses for the recovery of his damages.

## CAUSE OF ACTION: TEXAS INSURANCE CODE ART. 21.21

22. Texas Insurance Code Art. 21.21 prohibits the sale of an insurance policy in the state of Texas through the use of a false or misleading statement. A promise to pay a benefit upon the submission of a just proof of loss is a representation made in the sale of an insurance policy in the state of Texas. Should the insurer then refuse to pay a just claim, that statement becomes false and mis-leading.

23. The deceptive scheme used by Defendant Great American Insurance Company to sell its policy of insurance is a violation of Art. 21.21 of the Texas Insurance Code.

24. The Plaintiff has been damaged by the misrepresentations of Defendant Great American Insurance Company; and, he hereby sues for the recovery of his damages.

## CAUSE OF ACTION: TEXAS DECEPTIVE TRADE PRACTICES ACT

25. The Texas Civil Practice and Remedies Code §17.46, provides for the award of triple damages to a successful plaintiff. That Act prohibits use of a false or misleading statement in the sales in the state of Texas. That statute requires a 60 day pre-suit

Page 7

notice as a predicate to the filing of a DTPA lawsuit requesting punitive damages.

26. The Defendants have been served with the 60 day pre-suit letter and this cause of action is ripe for filing.

27. Defendants Mortgage Electronic Registration, Inc., and, Roundpoint Mortgage Servicing Corporation, operate a scheme whereby a home buyer takes out a loan and signs a promissory note with Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary. Roundpoint Mortgage Servicing Corporation then administers the loan for MERS. It is Plaintiff's information and belief that MERS created Roundpoint to perform this function for it.

28. One of the provisions of this arrangement is that Roundpoint will use part of the money paid to it by the debtor to procure fire and casualty insurance and assist the debtor in making a claim or injury and proof of loss. The benefits of the insurance policy are then payable to Roundpoint. Poundpoint is supposed to administer the funds to cure the loss to the home buyers' property. This has not been done Nearly two years after the date of the loss, the home buyer is still living in a recreational vehicle parked in his driveway.

29. The things which should have happened have not happened. Repeated requests for action have been sent to Roundpoint. No progress has been made. At this point it is clear that Roundpoint, and through it its' principal Mortgage Electronic Registration Systems, Inc. have no intention of fulfilling their contractual obligations.

30. The Plaintiff is the victim of the sort of scheme, artifice, device, or fraud that is intended to be suppressed by the Texas Deceptive Trade Practices Act.

31. The Plaintiff hereby sues for his damages, including exemplary damages and attorney's fees, as permitted by that Act.

## DAMAGES: GENERAL

32. The law of the State of Texas permits the recovery of general damages for each of the causes of action alleged by the Plaintiff, and he hereby requests that the Court award him such. The Plaintiff's general damages total not less than $35,000.00.

## DAMAGES: SPECIAL

33. Each of the above-named causes of action permits the award of special damages under the law of the State of Texas. The plaintiff has lost the benefit of the contract he had with the defendant. The plaintiff has lost the benefit of the bargain he originally had with Consolidated. The plaintiff prays that the be awarded both sets of special damages, and that such damages be stacked, as permitted with the causes of action of promissory estoppel/detrimental reliance and common law fraud, breach of contract, and breach of warranty, for a total stack of $35,000.00.

## DAMAGES: EXEMPLARY-COMMON LAW FRAUD

34. The tort of fraud permits the award of exemplary damages in the State of Texas. The Plaintiff prays that the Court award him such punitive damages in the maximum amount allowed by law, which maximum amount is 4 times actual damages, which sum is $140,000.00.

### DAMAGES: EXEMPLARY-ARTICLE 21.21

35. Texas Insurance Code Article 21.21 permits the award of exemplary damages in the State of Texas. The Plaintiff prays that the Court award him such punitive damages in the maximum amount allowed by law, which maximum amount is 3 times actual damages, which sum is $105,000.00.

### DAMAGES: EXEMPLARY

36. The Texas DTPA permits the award of treble damages as exemplary damages. Such amount is approximately $105,000.00. The plaintiff prays for the award of such damages; and, he prays that they be stacked on top of the damages awarded him under the previously stated causes of action. For a total award of:

| | |
|---|---|
| Actual damages | $35,000.00 |
| Common law fraud | $140,000.00 |
| Art. 21.21 | $105,000.00 |
| DTPA | $105,000.00 |
| Total: | $385,000.00 |

## ATTORNEY'S FEES

37. The plaintiff prays that he be awarded a reasonable attorney's fee; but in any event, not less than 40% of the total award to the plaintiff.

## RELIEF: SPECIFIC PERFORMANCE

38. The Plaintiff prays that he be granted the relief of specific performance.

39. One or more of the defendants is holding proceeds of the policy of fire and casualty insurance on Plaintiff's home.

40. The Plaintiff prays that such Defendant, or Defendants, be ordered to pay those funds to Plaintiff or his designated contractor, so that repairs can finally be completed on Plaintiff's home.

41. The Plaintiff stands ready, able and willing to perform any act required of him to complete and fulfill the terms of his mortgage agreement and to receive and properly distribute those funds.

## RULE 47 STATEMENT

42. In compliance with Texas Rule of Civil Procedure 47, the Plaintiff states that his petition makes a demand for monetary relief in an amount greater than $200,000.00 and less than $1,000,000.00.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff,

CHRISTOPHER BALDWIN, prays that the Court grant him the following relief as against Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC; ROUNDPOINT MORTGAGE SERVICING CORPORATION; GREAT AMERICAN INSURANCE COMPANY:

(a) general damages as stated above;
(b) special damages as stated above;
(c) exemplary damages as stated above;
(d) attorney's fees as and if permitted;
(e) Specific performance of duty to repair and rebuild house to habitable condition;
(f) Specific performance of duty to pay for repair and rebuild of house to habitable condition;
(g) prejudgment interest at the maximum rate;
(h) post-judgment interest at the maximum rate;
(i) and such further relief, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully Submitted,

LAW OFFICE OF STEPHEN E. MENN

BY:  */s/Stephen E. Menn*
Stephen E. Menn
P.O. Box 572774
Houston, TX 77257-2774
Tel. 832-654-2948
FAX 888-653-4543
Email: stephen_menn@sbcglobal.net
Texas Bar No. 13942200

ATTORNEY FOR PLAINTIFF