**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| **BALDWIN, CHRISTOPHER** | § | |
| | § | |
| **PLAINTIFF** | § | |
| **vs.** | § | |
| | § | **No. 4:19-cv-03921** |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEM, INC.;** | § | **(Jury Demanded)** |
| | § | |
| **ROUNDPOINT MORTGAGE** | § | |
| **SERVICING CORPORATION;** | § | |
| | § | |
| **GREAT AMERICAN INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, BALDWIN, CHRISTOPHER, as Plaintiff in the above-styled and numbered cause of action, and makes this his first amended original complaint complaining of MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; and, ROUNDPOINT MORTGAGE SERVICING CORPORATION; and, GREAT AMERICAN INSURANCE COMPANY; as Defendants, and for good grounds he would respectfully show the Court as follows:**

**PARTIES**

1. **The Plaintiff is CHRISTOPHER BALDWIN, who resides at 3408 Winter Haven Drive, Baytown, Harris County, Texas 77521.**

2. **Defendants are:**

**Mortgage Electronic Registration System, Inc.**
**c/o Sharon Horstkamp or any authorized Agent**
**1818 Library Road #300**
**Reston, Virginia 20190**

**Roundpoint Mortgage Servicing Corporation**
**c/o Steven Forsythe Vice-President and General Counsel**
**5016 Parkway Plaza Blvd, Buildings 6 & 8**
**Charlotte NC 28217**

**Great American Insurance Company**
**Property & Casualty Group**
**c/o CT Corporate System, registered agent**
**1999 Bryan Street #900**
**Dallas, Texas 75201-3136**

**JURISDICTION**

3. **This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas. There is no other county in the State of Texas to which a mandatory change of venue would lie. This**

matter has been removed to federal court based upon diversity of citizenship between the plaintiff and one or more of the defendants.

**FACTS**

4. The plaintiff purchased a home in the City of Baytown in 2015. The home is legally described as:

Lot two hundred fifty-six (256) of Whispering Pines, Section Four (4) a subdivision of Harris County, Texas, according to that map or plat thereof recorded in Volume 275, Page 145, of the Map Records of Harris County, Texas, and more commonly known as the house and lot at 3804 Winter Haven Drive, Baytown, Texas 77521, HCAD Account # 1138870000256,

5. The house was severely damaged by Hurricane Harvey on or about August 17, 2017,
6. Defendant Great American Insurance Company carried the fire and casualty insurance on the property under Policy #1133896. A claim was duly and timely filed under Claim #836-619691.
7. The claim was adjusted by ASI professional claim adjusters. The total monetary amount estimated to repair the damages to Plaintiff's

home was approximately $135,000.00.

8. The insurance company claims to have paid Defendant Roundpoint Mortgage Servicing Company that sum as the proceeds of the insurance policy. It is known to plaintiff through the construction contractor that at least $82,000.00 has been paid. The whereabouts of the remaining money is unknown to Plaintiff.

9. Defendant Roundpoint Mortgage Servicing Company services the Plaintiff's mortgage on behalf of the beneficiary of the Promissory Note executed by the Plaintiff at the time of the purchase of the home. The beneficiary of the promissory Note executed by the Plaintiff is Defendant Mortgage Electronic Registration System, Inc.

10. Some work was done on the Plaintiff's house to effect repairs. However, there is no flooring, no plumbing fixtures in the bathroom or kitchen, no countertops or vanities, and no appliances in the house. The Plaintiff has been living in a recreational vehicle parked in his driveway since Hurricane Harvey.

11. The remaining approximately $53,000.00 is required to finish the rebuild of Plaintiff's house.

12. The insurance company claims that it has paid the mortgage service company; the mortgage

service company says that the insurance company will not pay it until an inspection states that 100% of repairs have been performed. The contractor will not begin work until money is paid on deposit from which to bill the remaining repairs.

13. The Plaintiff is a third-party beneficiary of the agreement between Roundpoint Mortgage Servicing Company and Great American Insurance Company. That contract was taken to protect Plaintiff's home, which serves as collateral for the mortgage loan on which the Plaintiff is the personal obligor. This gives the Plaintiff standing to bring this suit for specific performance and for damages.

## CAUSE OF ACTION: BREACH OF CONTRACT

14. The plaintiff and the defendant had a firm agreement. The plaintiff fulfilled his portion of that agreement by providing the defendant with premium payments and affording the defendant the opportunity to inspect the property. The defendant has refused to acknowledge the validity of the plaintiff's claim and pay the plaintiff for the repairs to the house. The plaintiff has been harmed by the actions of the defendant; and, he hereby sues

for the recovery of his damages.

15. The plaintiff stands ready, able and willing to do his part in completing the repairs to his home. He is entitled to specific performance of the contractual agreement and he prays for the relief of specific performance; namely, an order to the appropriate parties defendant to release all funds on deposit paid by the insurance company for the benefit of the plaintiff to the plaintiff so that final repairs might be made to place the house in a habitable condition.

## CAUSE OF ACTION: PROMISSORY ESTOPPEL/ DETRIMENTAL RELIANCE

16. The Plaintiff was made promises to induce him into taking action based upon those representations. The Plaintiff was offered an opportunity for profit if he would shift his economic position to his detriment. The statements made to the Plaintiff was credible. The Plaintiff had a right to rely on the accuracy of such statements. The Plaintiff did in fact rely upon such statements. The Defendant then failed to produce its part of the bargain. All of these things have been lost to the Plaintiff because of his

detrimental reliance upon the representations of the Defendant. The Plaintiff asserts that the Defendant is now promissorily estopped from denying its promises to the Plaintiff. The Plaintiff has been injured as a result of his reliance upon the promises of the Defendant, and he hereby sues for the damages, general and special, which have been so directly and proximately caused.

## CAUSE OF ACTION: COMMON LAW FRAUD

17. The contract of insurance between the plaintiff and the defendant Mortgage Electronic Registration System, Inc., provides that the Plaintiff will make a monthly payment to said defendant; and, that the defendant will receive that payment and use a portion of it to pay for fire and casualty insurance coverage on the home. The defendant has failed to do the things that it is contractually bound to do. The defendant has failed to use the proceeds of the insurance policy to complete the restoration of plaintiff's home.

18. In Texas, a common law fraud consists of making a statement which is false, or made with reckless disregard for the truthfulness of the statement, for the purpose of inducing the

plaintiff into taking some action, or foregoing taking some action; which the plaintiff had a right to rely upon the truthfulness of the statement; and the plaintiff did take such action or forego taking such action; and the plaintiff came to harm thereby.

19. The plaintiff relied upon the truthfulness of defendant Mortgage Electronic Registration System, Inc.'s statement that it would properly administer and service the mortgage. One of the actions necessary to properly administer and service the mortgage is to procure fire and casualty insurance on the home; assist in submitting claims and proofs of loss; receive funds paid by the insurance company; and apply those funds to cure the loss.

20. Defendant Mortgage Electronic Registration Systems, Inc.; and, the mortgage service company it hired to administer the mortgage, Defendant Roundpoint Mortgage Servicing Corporation, have failed to perform as promised. The insurance company, Defendant Great American Insurance Company, says that it has adjusted the claim and paid the funds. However, those funds have not been used for the purpose intended, the reconstruction of Plaintiff's house.

21. Defendants Mortgage Electronic Registration Systems, Inc.; and, Defendant Roundpoint Mortgage Servicing Corporation, have committed fraud on the Plaintiff and he hereby ses for the recovery of his damages.

## CAUSE OF ACTION: TEXAS INSURANCE CODE

22. Chapter 541 of the Texas Insurance Code prohibits the sale of an insurance policy in the state of Texas through the use of a false or misleading statement. A promise to pay a benefit upon the submission of a just proof of loss is a representation made in the sale of an insurance policy in the state of Texas. Should the insurer then refuse to pay a just claim, that statement becomes false and mis-leading.

23. The deceptive scheme used by Defendant Great American Insurance Company to sell its policy of insurance is a violation of Chapter 541 of the Texas Insurance Code.

24. The Plaintiff has been damaged by the misrepresentations of Defendant Great American Insurance Company; and, he hereby sues for the recovery of his damages.

**CAUSE OF ACTION: TEXAS DECEPTIVE TRADE PRACTICES ACT**

25. The Texas Civil Practice and Remedies Code §17.46, provides for the award of triple damages to a successful plaintiff. That Act prohibits use of a false or misleading statement in the sales in the state of Texas. That statute requires a 60 day pre-suit notice as a predicate to the filing of a DTPA lawsuit requesting punitive damages.

26. The Defendants have been served with the 60-day pre-suit letter and this cause of action is ripe for filing.

27. Defendants Mortgage Electronic Registration, Inc., and, Roundpoint Mortgage Servicing Corporation, operate a scheme whereby a home buyer takes out a loan and signs a promissory note with Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary. Roundpoint Mortgage Servicing Corporation then administers the loan for MERS. It is Plaintiff's information and belief that MERS created Roundpoint to perform this function for it.

28. One of the provisions of this arrangement is that Roundpoint will use part of the money

paid to it by the debtor to procure fire and casualty insurance and assist the debtor in making a claim or injury and proof of loss. The benefits of the insurance policy are then payable to Roundpoint. Poundpoint is supposed to administer the funds to cure the loss to the home buyers' property. This has not been done Nearly two years after the date of the loss, the home buyer is still living in a recreational vehicle parked in his driveway.

29. The things which should have happened have not happened. Repeated requests for action have been sent to Roundpoint. No progress has been made. At this point it is clear that Roundpoint, and through it its' principal Mortgage Electronic Registration Systems, Inc. have no intention of fulfilling their contractual obligations.

30. The Plaintiff is the victim of the sort of scheme, artifice, device, or fraud that is intended to be suppressed by the Texas Deceptive Trade Practices Act.

31. The Plaintiff hereby sues for his damages, including exemplary damages and attorney's fees, as permitted by that Act.

## BREACH OF FIDDUCIARY RELATIONSHIP

32. "The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach." *Lundy v. Masson,* 260 S.W.3d 482, 501 (Tex. App.-Houston [14th Dist.] 2008, pet. denied).

33. Fiduciary duties may arise from formal and informal relationships and may be created by contract. *Cotten v. Weatherford Bancshares, Inc.,* 187 S.W.3d 687, 698 (Tex. App.-Fort Worth 2006, pet. denied) *disapproved on other grounds by Ritchie v. Rupe,* 443 S.W.3d 856, 866 (Tex. 2014).

34. Fiduciary duties arise as a matter of law in certain formal relationships, including attorney-client and trustee relationships. *Meyer v. Cathey,* 167 S.W.3d 327, 330-31 (Tex. 2005). But an informal fiduciary duty may arise from a moral, social, domestic, or purely personal relationship of trust and confidence,

**and these types of relationships are generally called a confidential relationship. *Hubbard v. Shankle,* 138 S.W.3d 474, 483 (Tex. App.-Fort Worth 2004, pet. denied).**

**35. A confidential relationship exists where influence has been acquired and abused and confidence has been extended and betrayed. *Cotten,* 187 S.W.3d at 698. The existence of a confidential relationship is ordinarily a question of fact. *Id.***

**36. Plaintiff was in a special relationship with all of the defendants. He depended upon them to correctly obtain and apply the monetary benefit of the homeowner's insurance carried on his house after Hurricane Harvey. The defendants failed to honor that relationship. Instead, they withheld benefits and left the plaintiff with a partially restored shell of a house. In turn, the plaintiff was compelled to live in a recreational vehicle parked in his driveway while his house decayed.**

**37. The defendants have breached a fiduciary relationship they had with the plaintiff; and, he sues for his damages sustained as a result of that breach.**

## CONSTRUCTIVE TRUST

38. A constructive trust is a legal fiction, a creation of equity to prevent a wrongdoer from profiting from her wrongful acts. *Procom Energy, L.L.A. v. Roach*, 16 S.W.3d 377, 381 (Tex. App.-Tyler 2000, pet. denied). Such trusts are remedial in character and have the broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice. *Id.; see also Hubbard v. Shankle*, 138 S.W.3d 474, 485 (Tex. App.-Fort Worth 2004, pet. denied).

39. To obtain a constructive trust, the proponent must prove (1) the breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res. *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex. App.-Dallas 2006, no pet.); *Hubbard*, 138 S.W.3d at 485.

40. A constructive trust is a relationship with respect to property, subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that her acquisition or retention of the

property is wrongful and that she would be unjustly enriched if she were permitted to retain the property. *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.-San Antonio 2007, pet. denied) (*quoting Talley v. Howsley*, 142 Tex. 81, 86, 176 S.W.2d 158, 160 (1943)).

41. Whether a constructive trust should be imposed at all is within the discretion of the trial court. Troxel, 201 S.W.3d at 297; *Hubbard*, 138 S.W.3d at 485. The proponent of a constructive trust must strictly prove the elements necessary for the imposition of the trust. *Troxel*, 201 S.W.3d at 297; *Hubbard*, 138 S.W.3d at 485.

42. The defendants occupy a special position of trust with relation to the plaintiff. They are the caretakers and possessors of insurance proceeds that should in all right and equity be applied to the restoration of plaintiff's house. They have not honored this duty. The plaintiff prays that the court order the defendants to apply the funds in their possession to the restoration of plaintiff's house and to return it to a habitable condition.

**DAMAGES: GENERAL**

43. The law of the State of Texas permits the recovery of general damages for each of the causes of action alleged by the Plaintiff, and he hereby requests that the Court award him such. The Plaintiff's general damages total not less than $35,000.00.

**DAMAGES: SPECIAL**

44. Each of the above-named causes of action permits the award of special damages under the law of the State of Texas. The plaintiff has lost the benefit of the contract he had with the defendant. The plaintiff has lost the benefit of the bargain he originally had with Consolidated. The plaintiff prays that the be awarded both sets of special damages, and that such damages be stacked, as permitted with the causes of action of promissory estoppel/detrimental reliance and common law fraud, breach of contract, and breach of warranty, for a total stack of $35,000.00.

**DAMAGES: EXEMPLARY-COMMON LAW FRAUD**

45. The tort of fraud permits the award of exemplary damages in the State of Texas. The

Plaintiff prays that the Court award him such punitive damages in the maximum amount allowed by law, which maximum amount is 4 times actual damages, which sum is $140,000.00.

**DAMAGES: EXEMPLARY-CHAPTER 541 INSURANCE CODE**

46. Texas Insurance Code Chapter 541 permits the award of exemplary damages in the State of Texas. The Plaintiff prays that the Court award him such punitive damages in the maximum amount allowed by law, which maximum amount is 3 times actual damages, which sum is $105,000.00.

**DAMAGES: EXEMPLARY**

47. The Texas DTPA permits the award of treble damages as exemplary damages. Such amount is approximately $105,000.00. The plaintiff prays for the award of such damages; and, he prays that they be stacked on top of the damages awarded him under the previously stated causes of action. For a total award of:

| | |
|---|---|
| Actual damages | $35,000.00 |
| Common law fraud | $140,000.00 |
| Chap. 541 | $105,000.00 |
| DTPA | $105,000.00 |

**Total: $385,000.00**

## ATTORNEY'S FEES

**48. The plaintiff prays that he be awarded a reasonable attorney's fee; but in any event, not less than 40% of the total award to the plaintiff.**

## RELIEF: SPECIFIC PERFORMANCE

**49. The Plaintiff prays that he be granted the relief of specific performance.**

**50. One or more of the defendants is holding proceeds of the policy of fire and casualty insurance on Plaintiff's home.**

**51. The Plaintiff prays that such Defendant, or Defendants, be ordered to pay those funds to Plaintiff or his designated contractor, so that repairs can finally be completed on Plaintiff's home.**

**52. The Plaintiff stands ready, able and willing to perform any act required of him to complete and fulfill the terms of his mortgage agreement and to receive and properly distribute those funds.**

## JURY DEMAND

53. The plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, CHRISTOPHER BALDWIN, prays that the Court grant him the following relief as against Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC; ROUNDPOINT MORTGAGE SERVICING CORPORATION; GREAT AMERICAN INSURANCE COMPANY:

(a) general damages as stated above;

(b) special damages as stated above;

(c) exemplary damages as stated above;

(d) attorney's fees as and if permitted;

(e) Specific performance of duty to repair and rebuild house to habitable condition;

(f) Specific performance of duty to pay for repair and rebuild of house to habitable condition;

(g) prejudgment interest at the maximum rate;

(h) post-judgment interest at the maximum rate;

(i) and such further relief, at law and in equity, to which the Plaintiff may be justly entitled.

(j) the Plaintiff demands a jury trial as guaranteed him by the Constitution of the United States.

**Respectfully Submitted,**

**LAW OFFICE OF STEPHEN E. MENN**

**BY: *<u>/s/Stephen E. Menn</u>***
**Stephen E. Menn**
**P.O. Box 572774**
**Houston, TX 77257-2774**
**Tel. 832-654-2948**
**FAX 888-653-4543**
**Email: stephen_menn@sbcglobal.net**
**Texas Bar No. 13942200**

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Stephen E. Menn, attorney of record for the Plaintiff, hereby certify that on the date set forth below I caused the above-stated pleading to be served upon the party stated below in a means approved by the Federal Rules of Civil Procedure, namely, by FAX transmission to the facsimile telephone number set forth below, and, by email transmission to the email addresses set forth below.

Dated: December 13, 2019

/s/Stephen E. Menn
Stephen E. Menn

Daniel P. Troiano
Emily G. Stroope
McGlinchy Stafford, PLLC
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Facsimile:214-445-2450
Email: dtroiano@mcglinchey.com
estroope@mcglinchey.com
Counsel for Defendants
MERS, Roundpoint and Great America Insurance